IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE M. LORIE-VELASCO, HEIDI R.
BERRIOS-DE-LORIE, HEIDI MARIE LORIE-
BERRIOS, GIANINE SUSETTE LORIE-
BERRIOS, ROLANDO JOSE SANTIAGO-
BERRIOS, and the legal conjugal partnership
formed by José M. Lorié-Velasco and Heidi
R. Berrios-de-Lorié

Plaintiffs

vs                                          CIVIL 98-1867CCC

K-MART CORPORATION, ABC
INSURANCE COMPANY, DEF
INSURANCE COMPANY

Third-Party Plaintiffs

vs

GROUP SERVICE SYSTEM,
COOPERATIVA DE SEGUROS MULTIPLES
DE PUERTO RICO

Third-Party Defendants

## O R D E R

By order of the Court plaintiffs' Motion to Alter or Amend Order of March 19, 2001 (**docket entry 110**) is MOOT.

Having considered plaintiff's Motion to Alter or Amend Order of March 30, 2001 (**docket entry 117**) and defendant Kmart Corporation's Opposition (**docket entry 122**), the same is hereby GRANTED. As stated in Klonoski v. Mahlab, 156 F.3d 255, 270 (1ST Cir. 1998), "[a]lthough some district courts have found video surveillance tapes to be "solely" impeachment evidence, see Fed.R.Civ.P. 26(a)(3), the weight of authority seems to be that such evidence is both impeaching and substantive and should be disclosed." See also Chiason v. Zapata Gulf Marine Corp. 988 F.2d 513, 517 (5th Cir. 1993).

9/5/2001, Parties notified by FAX




CIVIL 98-1867CCC                    2

Having considered plaintiff's Motion in Limine to Exclude Engineer Erick Cintrón (**docket entry 118**) and defendant Kmart Corporation's Opposition (**docket entry 133**), the same is DENIED.

Having considered plaintiff's Motion in Limine to Exclude Dr. Ramos-Meléndez (**docket entry 119**) and defendant Kmart Corporation's Opposition (**docket entry 131**), the same is GRANTED. The circumstances narrated by plaintiff with regard to his communication with Dr. Ramos-Meléndez, supported by a sworn statement under penalty of perjury, fall within the privilege of doctor-patient communications (Puerto Rico Rule of Evidence 26). Accordingly, Dr. Ramos-Meléndez is disqualified as an expert witness for defendant Kmart Corporation.

Having considered plaintiff's Motion in Limine to Exclude Dr. Eduardo Mirabal-Font (**docket entry 120**), the same is GRANTED. Dr. Mirabal-Font is disqualified as an expert witness for defendant Kmart Corporation.

Having considered third-party defendants' Motion for Summary Judgment (**docket entry 123**), defendant's Opposition (**docket entry 134**) and the Reply tendered on June 1, 2001, which is ORDERED FILED, the same is DENIED. Movants are advised, for future reference, that they must seek leave before filing a reply brief.

Defendant/third-party plaintiff Kmart Corporation's Motion for Brief Extension of Time to Oppose Plaintiff's Motion in Limine, Motion for Brief Extension of Time to Oppose Third-Party Defendant's Motion for Summary Judgment, Motion for Final Extension of Time to Oppose Plaintiff's Motion in Limine and its Motion Requesting Leave to File a Reply (**docket entries 128, 129, 130 and 132**) are MOOT.

Kmart Corporation's Motion for Leave to Withdraw Legal Representation (**docket entry 137**) is GRANTED. Clerk of Court and the parties to take notice that Kmart Corporation will be represented by Ramírez Lavandero & Associates Law Firm.

Having considered defendant/third-party plaintiff Kmart Corporation's Motion Requesting Order for Independent Medical Examination, plaintiffs' Opposition and the Reply brief tendered on August 23, 2001, which is ORDERED FILED (**docket entries 138 and**

CIVIL 98-1867CCC                                              3

**140**), the same is DENIED. Plaintiffs timely filed a Motion to Exclude Dr. Mirabal-Font on April 24, 2001 (**docket entry 120**), the same day that he went for his scheduled physical examination and found Dr. Mirabal-Font's office closed. Defendant never filed an opposition to plaintiffs' motion to exclude. Instead, it filed an Informative Motion (**docket entry 135**) reporting that it had retained Dr. Boris Rojas in substitution of Dr. Mirabal-Font, disregarding the deadline previously set by the Court in its March 19, 2001 Order (see docket entry 107).

Plaintiffs' Motion for Time Extension Pursuant to Local Rule 311.14 (**docket entry 139**) is MOOT.

Third-party defendants' Motion Requesting Adjudication of Pending Dispositive Motion for Summary Judgment (**docket entry 141**) is MOOT.

Defendant/third-party plaintiff's Motion Requesting Leave to File a Reply (**docket entry 142**) is GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, on September 5th, 2001.

CARMEN CONSUELO CEREZO
United States District Judge