IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE M. LORIE VELASCO, et al<br><br>Plaintiffs<br><br>vs.<br><br>KMART CORPORATION, et al<br><br>Defendants<br><br>vs.<br><br>GROUP SERVICE SYSTEM,<br>COOPERATIVA DE SEGUROS<br>MULTIPLES DE PUERTO RICO<br>GROUP SERVICE SYSTEM<br><br>Third Party Defendants | CIVIL  NO.: 1998-1867 (PG) |

**OBJECTION TO MAGISTRATE-JUDGE'S
REPORT AND RECOMMENDATION**

TO THE HONORABLE COURT:

COMES NOW Defendant/Third Party Plaintiff, Kmart Corporation (hereinafter referred to as "Kmart"), represented by the undersigned attorneys and respectfully alleges and prays as follows

On April 1st, 2004 the appearing party was notified of the Magistrate-Judge's Report and Recommendation dated March 31, 2004 (hereinafter "Report and Recommendation"). Objections to the Report and Recommendation are, accordingly, due on April 15, 2004.

The Magistrate Judge recommends that the Court allows the testimony of defendant's psychiatric expert, Dr. José Villanueva with respect to the causal relationship between prolactin and erectile dysfunction, in general medical terms, but not in regards to the cause of plaintiff's medical condition since Dr. Villanueva is "not privy to the plaintiff's medical condition", is "not his treatment physician" and is "not an expert in endocrinology". See Docket No. 191, Report and Recommendation, at page 6. In addition, the Magistrate Judge recommends that the Court excludes Dr. Villanueva's testimony as to any of plaintiff Lorie's "false statements, inconsistent statement, or any assessment regarding plaintiff's credibility". Id.

Specifically, the objections to be raised pertain the Magistrate Judge's recommended exclusion of Dr. Villanueva's testimony with regard to any inquiry regarding the cause of plaintiff's impotence and erectile dysfunction, as well as the exclusion of Dr. Villanueva's testimony with regard to his opinion on plaintiff's false statements and selective memory loss as to the cervical problems and erectile dysfunction which medical records show José M. Lorié Velasco (hereinafter referred to as "Lorié" or "plaintiff") had prior to February 8, 1998 and plaintiff's denial of such problems until after the incident claimed for in the case at bar.

In recommending the exclusion of Dr. Villanueva's testimony on the cause of plaintiff's erectile dysfunction, the Magistrate Judge relies on the fact that Dr. Villlanueva is not plaintiff's treating physician and that he is not an expert in endocrinology. See, Report and Recommendation at pages 3 and 6. As to the recommended exclusion on Dr. Villanueva's testimony on plaintiff's false statements and selective memory regarding his previous cervical problems and impotence, the Magistrate-Judge argues that Dr. Villanueva's findings and opinions on the above have "no connection" to the expert diagnosis of Lorie's mental state

2

and that such factors were not relevant to the diagnosis made as a psychiatrist. Id., at page 5.

We respectfully disagree with the Honorable Magistrate Judge's Report and Recommendation as to the abovementioned and proceed to object to the same and argue why, as Kmart Corporation argued in its "Defendant's Opposition to Motion In Limine to Exclude Portions of Report and Testimony of Dr. Jose Eugenio Villanueva", (Docket No. 156) filed on October 17, 2001, this Court should allow expert witness Dr. Villanueva to testify on both matters.

### I. DE NOVO REVIEW OF MATTERS SEASONABLY RAISED BEFORE THE MAGISTRATE-JUDGE

In the Report and Recommendation, the Magistrate-Judge recommends the exclusion of portions of Dr. Villanueva's testimony relying, among other arguments, in the appearing party's alleged lack of explanation of the "connection between Lorie's false statements and his mental diagnosis" by Dr. Villanueva. According to the Report and Recommendation, plaintiff's false statements were "not relevant to any diagnosis" Dr. Villanueva made as a psychiatrist and his testimony on said matter "does not relate to a matter as to which the jury will need particular guidance or enlightenment from an expert". See Docket No. 191 at page 5. Nonetheless, as will be further discussed below, it is respectfully submitted that defendant's opposition to plaintiff's motion in limine and its Exhibit I, jointly explained the connection between Lorie's false statements and his mental diagnosis, as well as the relevancy of the findings of selective memory and falsifying of information by Lorie as part of the diagnosis by Dr. Villanueva and its relation to a mental condition as to which the jury would need particular guidance from such expert.

3

In accordance to the above, it is respectfully submitted that all the arguments herein, were seasonably raised before the Magistrate Judge in the "Defendant's Opposition to Motion In Limine to Exclude Portions of Report and Testimony of Dr. Jose Eugenio Villanueva" of October 17, 2001 and its Exhibit I, a transcript of the deposition testimony of Dr. Villanueva about "the matters at issue" . See Docket No. 156.   No new arguments are being brought before the Honorable Court in this Objection.    No new legal theory is being asserted. Kmart is not incorporating any exhibits not previously before the Magistrate-Judge's attention.  Therefore, this Honorable Court is in position to make a de novo determination upon the record since all arguments were brought forth in Kmart's opposition to plaintiff's motion in limine and should be deemed "seasonably raised before the magistrate". See cf. Paterson-Leitch Company v. Massachusetts Municipal Wholesale Electric Company, 840 F.2d 985 (1st Cir. 1998), Maurice v. State Farm Mutual Automobile Insurance Company, 235 F.3d 7 (1st Cir. 2000), and Morales-Vallellanes v. Potter, 339 F.3d 9 (1st Cir. 2003) (in which parties were denied de novo review of the magistrate-judge's report and recommendation when new arguments were brought forth for the first time after the recommendation was issued, and when sixty-seven new exhibits not previously brought before the magistrate-judge's attention were incorporated to the objection).

As to the recommended application of Local Rule 7(b) to defendant's opposition to the motion in limine, and the Magistrate-Judge's arguments as to the "deficiency" of the opposition in light of said rule, the appearing party respectfully disagrees and objects to the enforcement of a regulation that was not in effect at the time of its  filing. Moreover, the Local Rules of the United States District Court for the District of Puerto Rico 2003, to which Civil Local Rule 7(b) pertains,  were approved on September 26, 2003, to become effective on

September 29, 2003.  <u>See</u>, In the Matter of: Adoption of Local Rules, Misc. No. 03-115 (HL). It is respectfully submitted that "Defendant's Opposition to Motion In Limine to Exclude Portions of Report and Testimony of Dr. Jose Eugenio Villanueva", filed on October 17, 2001 cannot be ruled upon as "violating" a rule that was not enacted then, nor can the appearing party's objection to plaintiff's motion in limine be deemed waived pursuant to said rule.

It is of importance to note that as of October 17, 2001, the regulations in force were the Local Rules of the United States District Court for the District of Puerto Rico, of which Rule 311.2 "**Grounds for Motions"** read as follows:

> All motions shall state with particularity the grounds thereof and shall set forth the relief and order sought.
>
> Motions shall be accompanied by a brief which shall contain a concise statement of reasons in support of the motion, and citations of authorities upon which the movant relies.  If the time for filing supporting documents is extended in the manner prescribed by subsection .6 of this Rule, the movant's brief need not be filed until the date specified in the extension order or stipulation.
>
> Movant may include in his or her motion the concise statement of reasons in support of the motion, and citation of the authorities upon which movant relies, instead of filing the separate brief required by this subsection.

It is evident that Local Rule 311.2 permitted the parties to concisely state the reasons in support of their motions and directed parties to cite the authorities relied upon. Nevertheless, contrary to Local Rule 7(b),  Local Rule 311.2 did not provide for objections to be deemed waived when parties did not concisely state the reasons in support of their motions or did not cite the authorities in which the motion relied. "Defendant's Opposition to Motion In Limine to Exclude Portions of Report and Testimony of Dr. Jose Eugenio Villanueva" complied with the provisions of Rule 311.2, effective at the time, and the Honorable Court should reject the Magistrate-Judge's recommendation for the application of

5

Local Rule 7(b) and accordingly, should not deem Kmart's objection to plaintiff's motion in limine waived as to the admissibility of Dr. Villanueva's testimony regarding Lorie's false statements.

### II. DR. VILLANUEVA'S TESTIMONY ABOUT THE CAUSE OF PLAINTIFF'S IMPOTENCE AND/OR ERECTILE DYSFUNCTION

In the Report and Recommendation, the Magistrate-Judge states that Dr. Villanueva's testimony "may not extend and is not relevant to any inquiry regarding the cause of plaintiff's impotence and erectile dysfunction". See Docket No. 191, pages 3-4. Nevertheless, as previously argued in "Defendant's Opposition to Motion In Limine to Exclude Portions of Report and Testimony of Dr. Jose Eugenio Villanueva", it is within the scope of Dr. Villanueva's expertise to assess whether "the erectile dysfunction that is alleged by plaintiff to be related to the fall at issue in his complaint and to be affecting his mental condition. In considering whether this condition indeed affects his emotional or mental state as such state is related to the subject incident, it is well within Dr. Villanueva's capacity and expertise as a [psychiatric] doctor to look at the medical record of Mr. Lorié's condition or symptoms and form his opinion regarding Mr. Lorié's mental condition." See Docket No. 156, ¶ 4.

Furthermore, as Kmart argued in its opposition to plaintiff's motion in limine, "even though [Dr. Villanueva] does not seek to give a definitive opinion as to the cause of the erectile dysfunction, he has the 'knowledge, skill, experience, training or education' necessary to consider the medically recognized link between Hyperprolactemia and penile impotence in drawing a complete picture of Mr. Lorié's mental condition for the purposes of rendering a medical opinion that will assist the jury in its fact-finding function." See Docket No. 156, ¶ 5.

In the partial transcript of Dr. Villanueva's deposition testimony which was included as Exhibit I of the appearing party's opposition, the expert witness referred to plaintiff's hyperprolactemia as of April 23, 1997, to plaintiff's use of Parlodel (Exhibit I, at pages 35-36), and to the conflicting diagnosis of neurogenic erectile dysfunction as of January 15, 1999 (Exhibit I, at page 36), and of psychogenic erectile dysfunction as of April 24, 1985 and subsequently (Exhibit I, at pages 38-40, and at page 68.   In light of the above and of his training and experience, and pursuant to Rule 702 and to <u>Daubert</u> v. <u>Merrell Dow Pharmaceuticals, Inc</u>., 509 U.S. 579 (1993), Dr. Villanueva's assessment and testimony on the specific relation between the use of prolactin and plaintiff's impotence should be admissible. Dr. Villanueva's opinion on whether the cause of plaintiff's penile impotence or erectile dysfunction was neurogenic or psychogenic, <u>as related to Lorié's mental condition</u>, and to the alleged causal connection between the incident and the erectile dysfunction, should be admissible as well. The fact that Dr. Villanueva is not the plaintiff's treating physician or is "not privy to his medical condition" does not render inadmissible his testimony.  Dr.Villanueva is allowed to base his opinion on hospital and medical records. See <u>Forrestal</u> v. <u>Magendatz</u>, 848 F.2d 303 (1st Cir. 1988).  Therefore, the Magistrate-Judge's recommendation to the contrary should be rejected by this Honorable Court.

### III. DR. VILLANUEVA'S TESTIMONY REGARDING LORIE'S FALSE STATEMENTS

As the record shows,  Dr. Villanueva found that Lorie had cervical problems and erectile dysfunction prior to his accident at Kmart and that Lorie denied having said problems until after the incident.  See Docket No. 191, pages 4-5, and Docket No. 149, page 5. Based upon these findings,  Dr. Villanueva testified that he thought that plaintiff had "selective

memory" and that he had "falsified information" and that it might be to obtain a "capital gain". See Docket No. 156, Exhibit I, at pages 96 and 101 and Docket No. 149, Exhibit A, Psychiatric Report.

In assessing plaintiff's mental condition, Dr. Villanueva testified that his opinion is that Lorie does not suffer from a condition of depression (See Docket No. 156, Exhibit I, pages 51-52, that he did not see plaintiff depressed (Exhibit I, at page 73), that he found an adjustment disorder (Exhibit I, at page 86), that plaintiff denied having erectile or sexual problems in the past (Exhibit I, at page 88-89), that he believes Lorié has a selective memory (Exhibit I, at page 96) and that the finding of selective memory as to cervical problems and sexual dysfunction is "part of [his] diagnosis" (Exhibit I, at page 96).

As stated in "Defendant's Opposition to Motion In Limine to Exclude Portions of Report and Testimony of Dr. Jose Eugenio Villanueva", (See Docket No. 156, ¶ ¶ 6 and 7, in assessing Lorié's mental condition and, as part of his diagnosis, Dr. Villanueva considered plaintiff's selective memory and falsified information regarding the denial of his previous cervical problems and penile impotence. In reaching his diagnosis, Dr. Villanueva took into account the fact that plaintiff denied prior cervical conditions and penile impotence which had prompted treatment with an urologist fourteen years before the incident claimed for in the compliant. Inasmuch as the connection between plaintiff's false statements and his diagnosis by Dr. Villanueva was explained in Kmart's opposition to plaintiff's motion in limine and in its Exhibit I, Dr. Villanueva's testimony on such matters should be allowed.  Accordingly, the Magistrate-Judge's recommendation to the contrary, should be rejected by this Honorable Court.

In rejecting the Magistrate-Judge's reccommendation as to exclusion of Dr. Villanueva's testimony on Lorié's false statements, it is respectfully submitted that this Honorable Court is to consider that purported expert testimony directed toward credibility or reliability of witness testimony has been deemed admissible when related to symptoms of mental illness or personality disorders. See Cohen v. Albert Einstein Medical Center, 592 A.2d 720 (1992) (holding that it was an error to exclude testimony of defendant's forensic psychiatrist based on review of medical records as to plaintiff's suffering from Munchausen syndrome and had fabricated or self-inflicted her injuries).

As to Dr. Villanueva's testimony on plaintiff's false statements and selective memory regarding his prior cervical problems and erectile dysfunction, this Honorable Court is also to consider that a plaintiff's failure to disclose preexisting conditions claimed for in a complaint has been deemed tantamount to fraud on the court. See Hull v. Municipality of San Juan, 230 F. Supp. 2d 239 (2002) in which the District Court for the District of Puerto Rico, in an Opinion and Order by Senior District Judge Gierbolini granted defendant's "Motion to Dismiss for Fraud on the Court" because of the "plaintiffs' failure to disclose significant and relevant prior medical problems and treatment in an attempt to mislead the defendants and the court and augment the damages suffered as a consequence of the 1999 fall". Id.  The Court held that dismissal with prejudice was the appropriate sanction for Hull's fraud on the court, for his abuse of judicial process by failing to disclose significant medical problems predating the slip and fall on a city sidewalk in San Juan, and for his perjury after being confronted with the medical records which evidenced the preexisting injuries.

WHEREFORE, its is respectfully requested from this Honorable Court that it grants this Objection, rejects the Report and Recommendation dated March 31, 2003 and thereby allows

Kmart's psychiatric expert witness Dr. José Villanueva to testify on both matters as to which exclusion was recommended.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 8th day of April 2004.

IT IS HEREBY CERTIFIED that on April 8, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **José Quetglas Jordán, Esq.**, Quetglas Law Office, PO Box 16606, San Juan, Puerto Rico, 00907-6606, and to **Vicente Santori Coll, Esq.**, PO Box 363073, San Juan, Puerto Rico 00936.

In San Juan, Puerto Rico, this 8th day of April 2004.

s/Marta E.Vila Baez<br>
MARTA E. VILA BAEZ<br>
USDC NO. 218111<br>
<br>
Attorneys for Defendant Kmart Corporation<br>
SÁNCHEZ BETANCES & SIFRE, P.S.C.<br>
BOLIVIA 33, SUITE 500<br>
P.O. BOX 195055<br>
SAN JUAN, PUERTO RICO, 00919-5055<br>
Phone: (787) 756-7880<br>
Fax No. (787) 753-6580<br>
mvila@sbslaw.com

H:\550.000\550-298\MOTIONS\008OBJECTION.wpd