IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE M. LORIE VELASCO, et al,<br>        Plaintiffs,<br><br>vs.<br><br>KMART CORPORATION, et al,<br>        Defendants,<br><br>vs.<br><br>GROUP SERVICE SYSTEM,<br>COOPERATIVA DE SEGUROS<br>MULTIPLES DE PUERTO RICO<br>GROUP SERVICE SYSTEM,<br>        Third Party Defendants. | CIVIL  NO.: 1998-1867 (PG) |

**DEFENDANT-THIRD PARTY PLAINTIFF'S OPPOSITION TO
THIRD-PARTY DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COMES NOW Defendant and Third Party Plaintiff Kmart Corporation, represented by the undersigned attorney, and respectfully alleges and prays:

**INTRODUCTION**

Third-party defendant Group Service System and Cooperativa de Seguros Múltiples submitted a motion for summary judgment by which it requests the dismissal of the Third Party Complaint on the grounds that no evidence was been produced or offered to sustain Group Service System's negligence in the cleaning and maintenance of the floor at the Kmart Trujillo Alto store as of February 8, 1998.  Kmart Corporation opposes said motion for summary judgment on the grounds that, contrary to Group Service System' assertions, there are contested issues of material facts with regard to the slipperiness of the floor at said

date and at the time of the incident claimed for in the instant case and with regard to Group Service System's supervision of the cleaning and maintenance work performed during the night shifts at the Kmart Trujillo Alto store, all of which could potentially affect the outcome of the case.   For the forthcoming reasons, it is respectfully submitted that Group Service System's motion for summary judgment should be, accordingly, denied.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and [...] the moving party is entitled to a judgment as a matter of law.". Fed. R. Civ. P. 56(c). In opposing summary judgment, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must set forth specific facts showing that there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). That is, "[g]enuine issues of material fact are not the stuff of an opposing party's dreams. On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion." Mesnick v. General Electric Corp., 950 F.2d 816, 822 (1st Cir. 1991).

Although "the district judge must eye all reasonable inferences in the light most congenial to the nonmoving party," the latter's evidence "cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." Mack v. Great Atlantic and Pacific Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

Hence, even though the movant has the initial burden of establishing that there is no evidence to support the non-moving party's case, Maldonado-Denis v. Castillo-Rodríguez, 23 F. 3d 576, 581 (1st Cir. 1984); the non-moving party has a "corresponding obligation to

offer the court more than steamy rhetoric and bare conclusions". Lawton v. State Mutual Life Assurance Co., 101 F. 3d 218, 223 (1st Cir. 1996). The non-moving party has the burden of affirmatively pointing to specific facts that show that an authentic factual dispute is present. Suárez v. Pueblo International, Inc. 229 F. 3d 49, 53 (1st Cir. 2000).

As this Honorable Court stated in González-Rivera v. Citibank, N.A., Civil No. 01-2322 (JAG), decided on February 25, 2003 and filed on February 27, 2003, 2003 U.S. Dist. LEXIS 3159, "it is well settled that 'the mere existence of a scintilla' of evidence is insufficient to defeat a properly supported motion for summary judgment", citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).  To adequately rebut the motion for summary judgment, the non-movant is required to present "definite, competent evidence".  Maldonado-Denis v. Castillo-Rodríguez, supra at 581.

As stated in Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990), "[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation", citing Rossy v. Roche Products, Inc., 880 F.2d 621, 624 (1st Cir. 1989); Oliver v. Digital Equipment Corp., 846 F.2d 103, 109-10 (1st Cir. 1988).

In order to defeat a motion for summary judgment a party must demonstrate that "a trialworthy issue looms as to a fact which could potentially affect the outcome of the case". Dyno Nobel v. Amotech Corporation, 63 F. Supp. 2d 140 (1st Cir. 1999), citing Serapión v. Martínez, 119 F. 3d 982 (1st Cir. 1997) and McCarthy v. Northwest Airlines, Inc., 56 F. 3d 313, 315 (1st Cir. 1995).

**ARGUMENT**

As stated in Kmart Corporation's Rule 56 Opposing Statement of Material Facts, which includes a separate section of contested material facts, there is a genuine dispute of material fact as to the slipperiness of the floor at the Trujillo Alto store as of February 8, 1998, and if it was indeed slippery, the cause for such condition.  In addition, there is specific evidence on the record that contradicts Group Service System's sworn statements regarding Mr. Wilfredo Rivera Elías overseeing of the cleaning and maintenance work performed by Group Service System at the Kmart Trujillo Alto store on the date of the incident claimed for in the instant matter.

In light of the above, it is respectfully submitted that in its Rule 56(c) Opposing Statement of Material Facts Kmart Corporation has brought forth sufficient "definite, competent evidence" that supports that there is a genuine controversy over material facts, that is, whether there was an "improper maintenance" of the floor as alleged in the Amended Complaint, and whether floor was slippery or not at the time of the incident claimed for in the Amended Complaint, and its cause, all of which could potentially affect the outcome of the case and defeat Group Service System's motion for summary judgment.

Group Service System's motion for summary judgment should be, accordingly, denied as it is hereby requested.

WHEREFORE, it is respectfully requested from this Honorable Court that it denies Group Service System's motion for summary judgment since there are contested material issues of fact which must be adjudicated or established by a jury and trialworthy issues loom as to such material facts that will could affect the outcome of the case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 30th day of April 2004.

IT IS HEREBY CERTIFIED that on April 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **José Quetglas Jordán, Esq.**, Quetglas Law Office, P.O. Box 16606, San Juan, Puerto Rico, 00907-6606, and to **Vicente Santori Coll, Esq.**, PO Box 363073, San Juan, Puerto Rico 00936.

                                                   s/Marta E.Vila Baez
                                                   MARTA E. VILA BAEZ
                                                   USDC NO. 218111
                                                   Attorneys for Defendant Kmart Corporation
                                                 SÁNCHEZ BETANCES & SIFRE, P.S.C.
                                                 P.O. BOX 195055
                                                 SAN JUAN, PUERTO RICO, 00919-5055
                                                 Phone: (787) 756-7880
                                                 Fax No. (787) 753-6580
                                                 mvila@sbslaw.com

H:\550.000\550-298\MOTIONS\011OPPOSITIONSUMMARYJUDGMENT.wpd