IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE M. LORIE VELASCO, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> KMART CORPORATION, et al, <br><br> Defendants, <br><br> vs. <br><br> GROUP SERVICE SYSTEM, COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO GROUP SERVICE SYSTEM, <br><br> Third Party Defendants. | CIVIL NO.: 1998-1867 (PG) |

**DEFENDANT-THIRD PARTY PLAINTIFF RULE 56(C) OPPOSING STATEMENT OF MATERIAL FACTS WITH REGARD TO THIRD PARTY DEFENDANTS'S "STATEMENT OF UNCONTESTED FACTS TO SUPPORT MOTION FOR SUMMARY JUDGMENT" AND DEFENDANT'S RULE 56(C) ADDITIONAL STATEMENT OF CONTESTED MATERIAL FACTS**

TO THE HONORABLE COURT:

COMES NOW Defendant Third Party Plaintiff, Kmart Corporation (hereinafter referred to as "Kmart"), represented by the undersigned attorneys and respectfully submits its Rule 56(c) Opposing Statement of Material Facts:

1. Third Party Defendants' Uncontested Fact No. 1:

Uncontested Fact No. 1 does not state any facts. Therefore, no admission, denial or qualification is warranted.

2. Third Party Defendants' Uncontested Fact No. 2:

Admitted.

3. Third Party Defendants' Uncontested Fact No. 3:

   a. Admitted.

   b. Admitted.

   c. Denied.

Defendant Third Party Plaintiff disputes the fact that Mr. Wilfredo Rivera Elias was always present when Group Service System's work was being performed at the Kmart store in Trujillo Alto. There is testimony to the contrary from Ms. Ana del Valle, Kmart's former employee who regularly worked on the night shift during the same hours in which Group Service System performed its cleaning and maintenance services at the store.

Ms. del Valle testified during her deposition that the person from Group Service System who oversaw the maintenance of the store was either the father or the son. She specifically stated that it was not the same person who was always at the store. Therefore, Mr. Wilfredo Rivera Elías can not state if the area where Mr. Lorie-Velasco fell was slippery or not on February 8, 1998 at 6:00 am. There is no evidence to establish that he was, in fact, the person who oversaw the store's cleaning on said date. See, Statement of Contested Facts No. 1-3.

   d. Admitted.

   e. Denied.

Defendant Third Party Plaintiff contests the fact that Mr. Wilfredo Rivera Elias was always present at the Kmart Trujillo Alto store at the time in which Group Service System's work was being performed. There is testimony to the contrary, from a former employee of Kmart, Ms. Ana del Valle, who regularly worked on the night shift during the same hours in which Group Service System performed its cleaning and maintenance services at the store.

Ms. del Valle testified during her deposition that the person from Group Service System who oversaw the maintenance of the store was either the father or the son. She specifically stated that it was not the same person who was always at the store. See, Statement of Contested Facts No. 1-3. This amounts to specific evidence on the record that contradicts Mr. Wilfredo Rivera Elías' testimony on the fact that he was always present at the store during Group Service System's work shifts.

      f.    Admitted.

4.    Third Party Defendants' Uncontested Fact No. 4:

Admitted.

**RULE 56(C) SEPARATE STATEMENT OF CONTESTED MATERIAL FACTS**

1.    Ana del Valle worked at Kmart from 1995 until 1998. See, <u>Exhibit I</u>, Deposition of Ana del Valle, page 6.

2.    Ms. del Valle usually worked from 10:00 p.m. to 6:00 a.m as a gondolier. See, <u>Exhibit I</u>, Deposition of Ana del Valle, page 6.

3.    The person who oversaw the maintenance of the store by Group Service System was either the father or the son. She specifically stated that it was not the same person who was always at the store. See, <u>Exhibit 1</u>, Deposition of Ana del Valle, page 19.

4. Plaintiff Mr. Jose Lorié-Velasco stated during his deposition that the floor was very shiny and slippery. See, <u>Exhibit 2</u>, Deposition of Mr. Jose Lorié-Velasco, dated May 19, 2000, at page 66.

5. Mr. José Lorié-Velasco could feel a substance in the floor, although he can not tell what it was. See, <u>Exhibit 2</u>, Deposition of Mr. Jose Lorié-Velasco, dated May 19, 2000, at pages 66-67.

6. The substance was transparent and slippery. See, <u>Exhibit 2</u>, Deposition of Mr. Jose Lorié-Velasco, dated May 19, 2000, at pages 66-67.

7. Plaintiff Mrs. Heidi Berríos de Lorié testified during her deposition that she did not see any substance in the floor and that it was not wet. See, <u>Exhibit 3</u>, Deposition of Mrs. Heidi Berríos de Lorié, at page 22.

8. Mrs. Heidi Berríos de Lorié also testified that she did not see any liquid substance, soda spill, shampoo, or piece of paper. See, <u>Exhibit 3</u>, Deposition of Mrs. Heidi Berríos de Lorié, at page 23.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 30th day of April 2004.

IT IS HEREBY CERTIFIED that on April 30, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **José Quetglas Jordán, Esq.**, Quetglas Law Office, P.O. Box 16606, San Juan, Puerto Rico, 00907-6606, and to **Vicente Santori Coll, Esq.**, P.O. Box 363073, San Juan, Puerto Rico 00936.

In San Juan, Puerto Rico, this 30th day of April 2004.

                                                s/Marta E.Vila Baez
                                                MARTA E. VILA BAEZ
                                                USDC NO. 218111

                                                Attorneys for Defendant Kmart Corporation
                                                SÁNCHEZ BETANCES & SIFRE, P.S.C.
                                                P.O. BOX 195055
                                                SAN JUAN, PUERTO RICO, 00919-5055
                                                Phone: (787) 756-7880; Fax No. (787) 753-6580
                                                mvila@sbslaw.com

H:\550.000\550-298\MOTIONS\012SCMF.wpd