IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE M. LORIE VELASCO, et al,<br>    Plaintiffs,<br><br>vs.<br><br>KMART CORPORATION, et al,<br>    Defendants,<br><br>vs.<br><br>GROUP SERVICE SYSTEM,<br>COOPERATIVA DE SEGUROS<br>MULTIPLES DE PUERTO RICO<br>GROUP SERVICE SYSTEM,<br>    Third Party Defendants. | CIVIL NO.: 1998-1867 (PG) |

**DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE
DUE TO BANKRUPTCY COURT'S FINAL ORDER ON THE CLAIM**

TO THE HONORABLE COURT:

COMES NOW Defendant and Third Party Plaintiff Kmart Corporation ("Kmart"), represented by the undersigned attorneys, and respectfully alleges and prays as follows:

Kmart Corporation hereby moves to dismiss the Amended Complaint as the value of Plaintiffs' claim has been set by the Bankruptcy Court in an order entered on April 2, 2004 which is now final and binding. Accordingly, there is no dispute remaining for determination before this Honorable Court and the claim should be dismissed with prejudice.

1.    The instant case results from an incident that allegedly occurred on February 8, 1998.

2.    On January 22, 2002, Kmart Corporation and certain of its subsidiaries and affiliates filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (hereinafter

"the Bankruptcy Court"). At the time, all claims for incidents that transpired before January 22, 2002, including the case at bar, came under the exclusive jurisdiction of the Bankruptcy Court.

3. On March 26, 2002, the Bankruptcy Court entered an order establishing July 31, 2002 as the deadline by which all persons asserting claims against Kmart alleged to have arisen prior to January 22, 2002 were required to have filed proofs of claim with the Bankruptcy Court evidencing their claims. Plaintiffs filed a timely proof of claim thereby preserving this claim before the Bankruptcy Court.

4. On July 7, 2002, the Bankruptcy Court entered an order establishing deadlines by which all persons asserting claims against Kmart alleged to have arisen before January 22, 2002 were to have complied with the Claims Resolution Procedure by submitting a questionnaire and attachments. On July 18, 2002, the Bankruptcy Court entered an order approving procedures for liquidating and settling personal injury claims through direct negotiation and/or alternative dispute resolution and/or modifying the automatic stay to permit certain litigation with respect to such claims to proceed.

5. On April 22, 2003 the Bankruptcy Court entered an Order confirming the First Amended Joint Plan of Reorganization of Kmart Corporation and its Affiliate Debtors and Debtors-in-Possession, as modified (hereinafter referred to as the "Plan"). The Plan became effective on May 6, 2003.

6. Plaintiffs herein completed the tort resolution procedures without resolving the instant claim. Thereafter, Mr. Lorié-Velasco petitioned for and was given permission from the Bankruptcy Court to proceed with this litigation, pursuant to a partial lift of stay. See Docket No.179. However, the Bankruptcy Court retained jurisdiction over the matter, over

the agreed order to partially lift the automatic stay, and over the ultimate disposition thereof. Id.

7. On February 2, 2004, Kmart filed its Twenty-First Omnibus Objection to Claims in the Bankruptcy Court. Pursuant to 11 U.S.C. § § 102, 105, and 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, in the Twenty-First Omnibus Objection Kmart objected to certain claims described therein and sought the entry of an order disallowing, reclassifying or reducing them. Those claims were enumerated in the Exhibits to the Twenty-First Omnibus Objection, which were lettered "A" to "H". A copy of Kmart's Twenty-First Omnibus Objection and Notice of Hearing is attached hereto as Exhibit 1. Kmart served copies of its Twenty- First Omnibus Objection by first class, United States mail, postage prepaid, upon each of the claimants identified in Exhibits "A" through "H" at the addresses listed in the proofs of claim or schedules. See Exhibit 1, Twenty-First Omnibus Objection, ¶ 47.

8. Through the Twenty-First Omnibus Objection, Kmart also proposed to settle a number of claims made against it, including the claim of Plaintiffs' herein, since Kmart wished to settle them but with respect to which no final settlement had been reached with the claimants. The Proposed Settlement Claims were set forth in Exhibit "F" of the Twenty-First Omnibus Objection. See Exhibit 1, Twenty-First Omnibus Objection, ¶¶ 25-26. Kmart sought to reclassify and/or reduce overstated and unliquidated claims to certain proposed settlement amounts. Plaintiffs' claim is listed on page 185 of the Exhibit "F", identified as Claim #30690, and the name and address of the claimant is as follows: Lorie-Velasco, José M., PO Box 16606 San Juan, PR 00908. Pertaining to Mr. Lorié-Velasco, Kmart sought to

reclassify the claim from $12,000,000 to an amount of $40,000. See Exhibit 1, Exhibit "F" of the Twenty-First Omnibus Objection, page 185.

9.  All claimants wishing to respond to Kmart's Twenty-First Omnibus Objection were required to serve a response in a certain format thereby described by March 8, 2004. See Exhibit 1, Twenty-First Omnibus Objection, ¶¶ 39-44.

10. A Notice of Hearing was also served along with the Twenty-First Omnibus Objection advising claimants of the March 8, 2002 objection deadline as well as of the March 15, 2004 hearing to discuss it. The Notice of Hearing advised all claimants that "**[y]our proof of claim may be listed on one or more of these exhibits**". Furthermore, the Notice of Hearing provided that "**[i]f you do not object to the relief requested, an Order will be presented to the Bankruptcy Court and the relief may be GRANTED**."

11. In addition, the Notice of Hearing advised claimants to direct any questions regarding Kmart's Twenty-First Omnibus Objection to a claim reconciliation hotline telephone number or via electronic mail.

12. Plaintiffs herein failed to file any objection to Kmart's Twenty-First Omnibus Objection by the March 8, 2004 deadline. In fact, plaintiffs did not file any objection to Kmart's request for the reclassifying of the instant claim to $40,000.

13. On March 15, 2004 a hearing was held on Kmart's Twenty-First Omnibus Objection. The Bankruptcy Court granted the relief requested by Kmart as to all claimants who failed to object to the Twenty-First Omnibus Objection, including Mr. Lorié-Velasco.

14. On April 2, 2004 the Bankruptcy Court entered its written order granting Kmart's Twenty-First Omnibus Objection. A copy of the Order Disallowing and Expunging

or Otherwise Reducing or Reclassifying Certain Claims Set Forth in the Twenty-First Omnibus Objection (Certain Personal Injury and Other Claims) is attached hereto as Exhibit 2. Since plaintiffs failed to object to Kmart's Twenty-First Omnibus Objection, the settlement amount proposed by Kmart for this claim was thereby approved by the Bankruptcy Court.

15. Accordingly, on the aforementioned order entered as of April 2, 2004, the Bankruptcy Court determined that the instant claim is "reclassified and/or reduced" in accordance with the corresponding row entitled "Reclassified To:", that is, to the sum of $40,000.

16. Mr. Lorié-Velasco's claim is listed on page 161 of Exhibit "F" of the Order. Pursuant to such Order, Mr. Lorié-Velasco's claim has been reclassified to the sum of $40,000, which is the amount for which Kmart offered to settle this claim in its Twenty-First Omnibus Objection. See Exhibit 2, Order, Exhibit "F" at page 161, in which plaintiffs' claim is identified as Claim #30690, and the name and address of the claimant is as follows: Lorie-Velasco, José M., PO Box 16606 San Juan, PR 00908.

17. Based on the foregoing, the value of this claim has been established by the Bankruptcy Court and the claim is now deemed resolved.

18. Mr. Lorié-Velasco was given notice of Kmart's Twenty-First Omnibus Objection, of the term to file an objection thereto, of the hearing scheduled to discuss Kmart's proposed reclassifying or reducing of his claim, and of the consequences of not objecting to the relief thereby requested. Plaintiffs did not object.

On April 2, 2004 the Bankruptcy Court entered an order reclassifying plaintiffs' claim.

Pursuant to Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure, the time for filing a notice of appeal is within ten days of the entry of the judgment, order or decree appealed from.  No notice of appeal was filed regarding such order.

The concept of finality is more flexible in bankruptcy proceedings than in civil proceedings. In general, to be considered final, a bankruptcy order need not dispose of all aspects of the case, but rather of a "discrete dispute within the larger case".   See In re American Colonial Broadcasting Corp., 758 F.2d 794 (1st Cir. 1985) and In re Saco Local Development Corp., 711 F.2d 441, 445 (1st Cir. 1983). Orders disposing of objections to bankruptcy claim are considered final for appeal purposes pursuant to 28 USCS § 158(a)(1), as well as orders fixing priority of a creditor's claim. See Miller v. Miller (In re Miller) (2002, BAP 10) 284 BR 734.  A bankruptcy court's order that re-classified a creditor's claim against debtor as unsecured claim pursuant to 11 USCS § 507(d) was also deemed final because it resolved only existing discrete dispute between debtor and creditor. See Nova Info. Sys. v. Premier Operations (In re Premier Operations Ltd.) (2003, SD NY) 290 BR 33.

19.     The Bankruptcy Court's April 2, 2004 determination with regard to the instant claim is now final and binding.  As such, the order represents a definite adjudication of the claim. Plaintiffs are consequently precluded from proceeding in the instant case since the principles of res judicata apply to decisions of the bankruptcy court.

> The normal rules of res judicata and collateral estoppel apply to the decisions of the  bankruptcy courts. [...] Orders, judgments and decrees of the bankruptcy court from which an appeal is not timely taken are final, even if erroneous and res judicata bars later attack. See Fed. Deposit Ins.Co v. Shearson-American Express, Inc., 996 F.2d 493, 498 )(1st Cir. 1993), quoting and following  Katchen v. Landy, 382 U.S. 323, 334 (1966).

20.   As the claim that gives rise to this action has been resolved before the Bankruptcy Court there is no dispute remaining before this Honorable Court for determination.  It is respectfully submitted that, accordingly,  this case must be dismissed with prejudice as it is hereby requested.

WHEREFORE, it is respectfully requested from this Honorable Court that it grants this motion and consequently dismisses the Amended Complaint with prejudice due to Bankruptcy Court's April 2, 2004 final decision on the claim, thereby setting aside the term granted until May 7, 2004 for the parties to submit a new Proposed Pretrial Order and vacating the setting of a jury trial for May 24, 2004.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 6th day of May 2004.

IT IS HEREBY CERTIFIED that on May 6, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **José Quetglas Jordán, Esq.**, Quetglas Law Office, P.O. Box 16606, San Juan, Puerto Rico, 00907-6606, and to **Vicente Santori Coll, Esq.**, PO Box 363073, San Juan, Puerto Rico 00936.

s/Marta E.Vila Baez
MARTA E. VILA BAEZ
USDC NO. 218111

s/Gerardo De Jesus Annoni
GERARDO DE JESUS ANNONI
USDC NO. 212209

Attorneys for Defendant Kmart Corporation
SÁNCHEZ BETANCES & SIFRE, P.S.C.
P.O. BOX 195055
SAN JUAN, PUERTO RICO, 00919-5055
Phone: (787) 756-7880
Fax No. (787) 753-6580
mvila@sbslaw.com

H:\550.000\550-298\MOTIONS\013MOTIONTODISMISS.wpd