# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| In re: KMART CORPORATION, et al., Reorganized Debtors. ) ) ) ) ) ) Case |
|---|

No. 02-02474 (Jointly Administered) Chapter 11 Hon. Susan Pierson Sonderby Hearing Date: **March 15, 2004** Hearing Time: 10:00 a.m. Obj. Deadline: **March 8, 2004**

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **March 15, 2004**, we shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, Everett McKinley Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 1725, and then and there present the Reorganized Debtors' **Twenty-First Omnibus Objection to Claims** (the "Twenty-First Omnibus Objection"), a copy of which is attached hereto and hereby served on you. The Twenty-First Omnibus Objection references eight (8) exhibits on which are described various proofs of claim and the reasons for the objections alleged by Kmart. **Your proof of claim may be listed on one or more of these exhibits.**

PLEASE TAKE FURTHER NOTICE THAT the deadline for objecting to the Twenty-First Omnibus Objection is **4:00 p.m. March 8, 2004**, pursuant to the Third Amended and Restated Order Pursuant to 11 U.S.C. §§ 102 and 105(a), Bankruptcy Rules 2002(m) and 9007, and Local Rules 101, 400, and 402 Establishing Omnibus Hearing Dates and Certain Notice, Case Management and Administrative Procedures dated September 29, 2003, as amended. Other requirements for objections are described in the attached Twenty-First Omnibus Objection. **If you do not object to the relief requested, an Order will be presented to the Bankruptcy Court and the relief may be GRANTED**. If any responses are properly filed and served in accordance with the procedures set forth in the Twenty-First Omnibus Objection, and the parties are unable to resolve consensually the Twenty-First Omnibus Objection, Kmart will request that the Bankruptcy Court conduct an off-omnibus hearing at a future date with respect to this Twenty-First Omnibus Objection as it relates to such responses and will notify the appropriate parties with respect to any such hearing.

**PLEASE TAKE FURTHER NOTICE THAT questions regarding this Twenty-First Omnibus Objection should be directed to Kmart Corporation via telephone at 1-800-247-0200 or via electronic mail to claimsreconciliation@kmart.com.**

| Dated: New York, New York February 2, 2004 | Respectfully submitted, KMART |
|---|---|

CORPORATION, et al., By:___ Andrew Goldman Eric R. Markus Wilmer Cutler Pickering LLP 399 Park Avenue New York, NY 10022 212-230-8800  Attorneys for Kmart Corporation, et al.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| In re: KMART CORPORATION, et al., Reorganized Debtors. ) ) ) ) ) ) Case |
|---|

No. 02-02474 (Jointly Administered) Chapter 11 Hon. Susan Pierson Sonderby Hearing

Date: **March 15, 2004** Hearing Time: 10:00 a.m. Obj. Deadline: **March 8, 2004**

## REORGANIZED DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS
## (CERTAIN PERSONAL INJURY AND OTHER CLAIMS)

Kmart Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, "Kmart"), hereby file this Twenty-First Omnibus Objection (the "Twenty-First Omnibus Objection") under 11 U.S.C. §§ 102, 105, and 502 and Federal Rule of Bankruptcy Procedure 3007 to the claims listed on Exhibits A through H attached hereto. In further support of this Twenty-First Omnibus Objection, Kmart respectfully represents as follows:

### PRELIMINARY STATEMENT

A.    The Chapter 11 Filings

1.    On January 22, 2002 (the "Petition Date"), Kmart Corporation and certain of its subsidiaries and affiliates filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    On April 22, 2003, this Court entered an order confirming the First Amended Joint Plan of Reorganization of Kmart Corporation and its Affiliate Debtors and Debtors-in-Possession, as modified (the "Plan"). The Plan became effective on May 6, 2003 (the "Effective Date").

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and pursuant to Article XIV of the Plan. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

4.    The statutory predicates for the relief sought herein are Sections 102, 105, and 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

B.    Bar Date and Proofs of Claim

5.    By orders of this Court dated March 26, 2002, December 19, 2002, April 22, 2003, and July 9, 2003 (the "Bar Date Orders"), and pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, this Court set: (i) July 31, 2002, as the deadline by which proof of claim forms ("Proofs of Claim") for most prepetition "claims" (as such term is defined in 11 U.S.C. § 101(5)) were required to be filed in these chapter 11 cases, (ii) the later of July 31, 2002, and thirty days after the effective date of rejection as the deadline by which Proofs of Claim for the rejection of executory contracts and unexpired leases were required to be filed, (iii) January 22, 2003, as the deadline by which Proofs of Claim for certain prepetition personal injury claims and related claims were required to be filed, (iv) June 20, 2003, as the deadline by which Proofs of Claim for the majority of administrative claims were required to be filed, and (v) August 22, 2003, as the deadline by which Proofs of Claim for certain rejection damages claims, administrative claims, and cure claims were required to be filed (collectively, the "Bar Dates").

6.    In accordance with the Bar Date Orders, written notice of the applicable Bar Dates was mailed to the appropriate creditors listed on the Schedules and to the persons and entities included in the notice database compiled by Kmart but not listed on any of the Schedules.

7.    In addition, Kmart published the general Bar Date notice and the

administrative Bar Date notice in English in The New York Times (National Edition),

The Wall Street Journal (National, European, and Asian Editions), and The USA Today

(Worldwide Edition) on or about March 25, 2002, and May 12, 2003, respectively.

8.    To date, approximately 57,000 Proofs of Claim have been filed

against Kmart in these cases, and the Schedules reveal another approximately 10,000.

Kmart is objecting to approximately 6,750 Claims (as defined below) in this Twenty-First

Omnibus Objection.

9.    Prior to the commencement of these cases, Kmart maintained, in

the ordinary course of business, books and records (the "Books and Records") that

reflected, among other things, Kmart's liabilities and the amounts thereof owed to its

creditors.  Kmart has conducted a review of the Proofs of Claim and Kmart's Books and

Records.  For the reasons set forth in more detail below and based on these reviews,

Kmart has determined that certain of the claims asserted against Kmart in the Proofs of

Claim are objectionable and, therefore, Kmart hereby objects to the allowance of those

Claims.

C.    Procedures Applicable to Personal Injury Claims

10.    On July 17, 2002, this Court entered an Order Approving

Procedures for (A) Liquidating and Settling Personal Injury Claims Through Direct

Negotiation and/or Alternative Dispute Resolution and/or (B) Modifying the Automatic

Stay to Permit Certain Litigation with Respect to Such Claims to Proceed (Docket No.

4944) (such procedures, the "Prepetition Personal Injury Claims Resolution Procedures").

On August 29, 2002, this Court entered an order modifying the Prepetition Personal

Injury Claims Resolution Procedures to require the participation of third party

indemnitors and insurance carriers in mediations and arbitrations of claims (Docket No. 6190).

11.    As required by the Prepetition Personal Injury Claims Resolution Procedures, Kmart served all holders of prepetition personal injury claims arising before January 22, 2002 (the "Prepetition Personal Injury Claimants") with a copy of the Prepetition Personal Injury Claims Resolution Procedures, the Court's order approving those procedures, and a copy of the Prepetition Questionnaire (referred to as the "Questionnaire" in the Prepetition Personal Injury Claims Resolution Procedures). The Prepetition Personal Injury Claimants were required to serve on Kmart a completed Questionnaire by November 15, 2002. Failure to do so results in the Prepetition Personal Injury Claimants not having an allowed claim. *See* Order Approving Personal Injury Claims Resolution Procedures (Docket No. 4944) ¶ 6. Kmart then had until February 15, 2003 to make a response or settlement offer to Prepetition Personal Injury Claimants who timely submitted such Questionnaire. Such Prepetition Personal Injury Claimants could then accept or reject the offer, or, in specified circumstances, request mediation or arbitration. If the Prepetition Personal Injury Claimant did not reply by April 15, 2003 or, if they rejected the offer, they were deemed to have exhausted the Prepetition Personal Injury Claims Resolution Procedures and could request modification of the automatic stay.

12.    On September 8, 2003, this Court entered an Amended Order Approving Procedures for (A) Liquidating and Settling Postpetition Personal Injury Claims Through Direct Negotiation and Alternative Dispute Resolution and (B) Modifying the Plan Injunction to Permit Litigation with Respect to Such Claims to

Proceed After Exhaustion of the Procedures (Docket No. 17525) (the "Administrative

Personal Injury Procedures Order") and the procedures described in the Alternative

Dispute Resolution Procedure for Postpetition Personal Injury Claims, attached to the

Administrative Personal Injury Procedures Order as <u>Exhibit 1</u> (the "Administrative

Personal Injury Procedures").

        13.    As required by the Administrative Personal Injury Procedures

Order on or before January 1, 2004, Kmart has served all holders of Administrative

Personal Injury Claims (as defined below), whom Kmart was reasonably able to identify

and locate, with a copy of the Administrative Personal Injury Procedures, the

Administrative Personal Injury Procedures Order, and the Administrative Questionnaire

(referred to as a "Questionnaire" in the Administrative Personal Injury Procedures).

These Claimants must serve Kmart with a completed Administrative Questionnaire on or

before February 15, 2004./ If such Claimant does not serve Kmart with a completed

Administrative Questionnaire by this deadline, such Claimant may not participate in the

Administrative Personal Injury Procedures and Kmart has reserved the right to seek

authority from the Bankruptcy Court to have such Claimant's Administrative Personal

Injury Claim be deemed forever barred and disallowed. If a Claimant has timely

submitted an Administrative Questionnaire, Kmart must serve such Claimant and its

counsel, if identified, with a Response Statement (as such term is defined in the

Administrative Personal Injury Procedures) within 90 days of receipt of such

Administrative Questionnaire. The holder of the Administrative Personal Injury Claim

then has 90 days in which to reply to such Response Statement. If the Administrative

Personal Injury Claim has been reserved for in excess of $50,000, the Claimant holding

of such Claim may elect mediation, rather than replying to the Response Statement. If the mediation does not result in resolution of the Administrative Personal Injury Claim, or such Claimant rejects the Response Statement or does not reply to it, Kmart and such Claimant may agree to binding arbitration, or such Claimant may elect to obtain modification of the Plan Injunction.

OBJECTION

14.    By this Objection, Kmart seeks entry of an order pursuant to 11 U.S.C. §§ 102, 105, and 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, substantially in the form attached hereto as Exhibit 1 attached hereto (the "Proposed Order"), disallowing, reclassifying, or reducing those claims described herein (collectively, the "Claims"), as provided in the Exhibits A through H attached hereto, and for the reasons described below.

A.    Duplicate Claims

15.    Kmart has determined that certain of the claims filed are in fact asserting duplicate Claims for a single liability. In certain cases, creditors filed identical Proofs of Claim asserting the same claim against Kmart. It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor. Accordingly, as a bookkeeping matter, Kmart wishes to eliminate the duplicate Claims from the claims register.

16.    Set forth in Exhibit A is a list of duplicate Proofs of Claim that Kmart has identified (the "Duplicate Claims"). For each Duplicate Claim, Exhibit A classifies the Proofs of Claim as either a "Claim to Be Disallowed" or a "Remaining Claim." By this objection, Kmart seeks to expunge the Duplicate Claims that are

identified as "Claims to Be Disallowed" in <u>Exhibit A</u>.  The "Claims to Be Disallowed" will be replaced in the claims register by the "Remaining Claims."  The "Remaining Claims," however, are not allowed claims and remain subject to further objections. Therefore, Kmart objects to the Duplicate Claims that are identified as "Claims to Be Disallowed" and seeks entry of an order disallowing and expunging such Claims in their entirety.

        B.      <u>Amended and Superseded Claims</u>

        17.     Kmart has determined that many Proofs of Claim evidencing Claims were subsequently superseded by other Proofs of Claim filed by creditors with respect to the same liabilities.  For instance, many amended Proofs of Claim were filed in order to change an amount previously listed in earlier Proofs of Claim.  In other instances, a Proof of Claim was filed to change an amount scheduled for a particular Claim.  In both instances, the original Proofs of Claim or the scheduled amounts (the "Amended and Superseded Claims") have been superseded by the amended Proofs of Claim.

        18.     For each Amended and Superseded Claim, <u>Exhibit B</u> lists a "Claim to Be Disallowed" and a "Remaining Claim."  By this objection, Kmart seeks to expunge the Amended and Superseded Claims that are identified as "Claims to Be Disallowed" in <u>Exhibit B</u>.  The "Claims to Be Disallowed" will be replaced in the claims register by the "Remaining Claims."  The "Remaining Claims," however, are not allowed claims and remain subject to further objections.  Therefore, Kmart objects to the Amended and Superseded Claims that are identified as "Claims to Be Disallowed" in <u>Exhibit B</u> and seeks entry of an order disallowing and expunging such Claims in their entirety.

        C.      <u>Unsupported Claims</u>

19.    Kmart has determined that certain Proofs of Claim that were filed in these cases do not include sufficient documentation in support of the claim asserted (the "Unsupported Claims"). Initially, the burden is on the claimant to allege facts sufficient to support its claim. *Matter of Carlson*, 126 F.3d 915, 921 (7th Cir. 1997); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). When a claim is based on a writing, the original document or a copy of the document must be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. Fed. R. Bankr. Proc. 3001. The Unsupported Claims either contain no or insufficient documentation in support of the Claim, or provide no evidence of Kmart's liability for the Claim.

20.    Set forth in <u>Exhibit C</u> is a list of Unsupported Claims. By this objection, Kmart seeks to expunge the Unsupported Claims listed in <u>Exhibit C</u>. Therefore, Kmart objects to the Unsupported Claims listed in <u>Exhibit C</u> and seeks entry of an order disallowing and expunging such Claims in their entirety.

D.    <u>Late Filed Claims</u>

21.    Kmart has determined that a number of Claims were filed after the appropriate Bar Date. The Bar Date Orders specifically stated that the form of notice of the Bar Date to the parties in interest was appropriate and sufficient. In addition, the Bar Date Orders held that a claimant that fails to file a Proof of Claim by the Bar Date is forever barred from asserting claims against Kmart in these cases unless the claimant agrees with the scheduled amount and classification of the claim. In accordance with the terms of the Bar Date Orders and Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, Kmart objects to any Claim filed after the appropriate Bar Date that was not

properly amended (a "Late Filed Claim").

       22.    Set forth in <u>Exhibit D</u> is a list of Late Filed Claims.  By this objection, Kmart seeks to expunge the Late Filed Claims listed in <u>Exhibit D</u>.  Therefore, Kmart objects to the Late Filed Claims listed in <u>Exhibit D</u> and seeks entry of an order disallowing and expunging such Claims in their entirety.

     E.    <u>Satisfied Claims</u>

       23.    Many claimants filed Proofs of Claim with respect to Claims that were later settled by Kmart (the "Satisfied Claims").  Because the Satisfied Claims have been settled by Kmart, they should be expunged.

       24.    Set forth in <u>Exhibit E</u> is a list of Satisfied Claims.  By this objection, Kmart seeks to expunge the Satisfied Claims listed in <u>Exhibit E</u>.  Therefore, Kmart objects to the Satisfied Claims listed in <u>Exhibit E</u> and seeks entry of an order disallowing and expunging such Claims in their entirety.

     F.    <u>Proposed Settlement Claims</u>

       25.    Kmart has identified a number of Claims that it wishes to settle but with respect to which Kmart has not yet reached a settlement with the claimants (the "Proposed Settlement Claims").  Some Claims are overstated, and others are unliquidated.  Additionally, some of these Claims incorrectly assert secured or priority status.  Kmart has reviewed each Proposed Settlement Claim and arrived at a proposed settlement amount and secured and priority status (or the lack thereof) (collectively, the "Proposed Settlement Amount") for that Claim.  Therefore, Kmart seeks to reclassify and/or reduce (for overstated Claims) or set (for unliquidated Claims) the Proposed Settlement Claims to the corresponding Proposed Settlement Amounts.

26.     Set forth in <u>Exhibit F</u> is a list of Proposed Settlement Claims.  For each Claim, <u>Exhibit F</u> lists both the Proposed Settlement Claim as the "Claim To Be Reclassified" and the Proposed Settlement Amount as the "Reclassified To" claim.  By this objection, Kmart seeks to reclassify and/or reduce or set, as appropriate, each Proposed Settlement Claim listed in <u>Exhibit F</u> from the Claim listed as the "Claim To Be Reclassified" to the claim listed as the "Reclassified To" claim.  Therefore, Kmart objects to the Proposed Settlement Claims as being misclassified and/or overstated or unliquidated, as appropriate, and seeks entry of an order reclassifying and/or reducing or setting, as appropriate each Proposed Settlement Claim listed in <u>Exhibit F</u> from the Claim listed as the "Claim To Be Reclassified" to the claim listed as the "Reclassified To" claim.

G.     <u>Noncompliant Claims</u>

27.     Kmart hereby moves this Court for an order disallowing the Claims (the "Noncompliant Claims") of those prepetition personal injury claimants identified on <u>Exhibit G</u> (the "Noncompliant Claimants").  Kmart seeks to disallow the Noncompliant Claims because such Noncompliant Claimants have not complied with the terms of the Prepetition Personal Injury Claim Resolution Procedures, described in further detail in paragraphs 10 and 11 above./

28.     Except as otherwise provided in the Prepetition Personal Injury Claims Resolution Procedures with respect to Small Claims Claimants and Judgment Claimants (each as defined in the Personal Injury Claims Resolution Procedures) all prepetition personal injury claimants were required to participate in the Offer-Exchange Process set forth in Section 5 of the Prepetition Personal Injury Claims Resolution

Procedures. The Offer-Exchange Process required the Prepetition Personal Injury Claimants to serve on Kmart a completed Prepetition Questionnaire, which was required to enable Kmart to collect specific information about the Prepetition Personal Injury Claimants' claims.

29.    The order approving the Prepetition Personal Injury Claims Resolution Procedures provides as follows:

> Upon the failure of a Claimant to comply with the Claims Resolution Procedure, and until such default is cured, the Claimant shall not have an allowed claim for purposed of voting on a plan of reorganization and for purposes of any distribution under any confirmed plan of reorganization.

Order Approving Personal Injury Claims Resolution Procedures (Docket No. 4944) ¶ 6.

30.    The Noncompliant Claimants listed in Exhibit G either did not complete a Prepetition Questionnaire as of the date of this Twenty-First Omnibus Objection or submitted an incomplete Prepetition Questionnaire. Examples of incomplete Prepetition Questionnaires include, among other things, a Prepetition Questionnaire that fails to provide relevant information requested therein, a Prepetition Questionnaire lacking all of its pages, or a Prepetition Questionnaire not accompanied by appropriate documentation. In each of these situations, the Noncompliant Claimants have not complied with the Prepetition Personal Injury Claims Resolution Procedures, which specifically require that a completed Prepetition Questionnaire be served upon Kmart. Therefore, Kmart seeks entry of an order disallowing and expunging the Noncompliant Claims in their entirety.

31.    Set forth in Exhibit G is a list of Noncompliant Claims. By this objection, Kmart seeks to expunge the Noncompliant Claims listed in Exhibit G. Therefore, Kmart objects to the Noncompliant Claims listed in Exhibit G and seeks entry

of an order disallowing and expunging such Claims in their entirety.

       H.    <u>Litigation Claims to Be Disallowed</u>

       32.    Kmart has identified several litigation claims for which Kmart believes it has no liability and that Kmart believes have no merit (the "No Liability Litigation Claims"). Specifically, Kmart reviewed litigation claims where lawsuits were currently pending against Kmart and reviewed the facts of each case to determine which claims were No Liability Litigation Claims. Based on its previous experience with similar cases, Kmart believes that the No Liability Litigation Claims have no merit and that Kmart has no liability for them. Consequently, Kmart seeks to expunge the No Liability Litigation Claims.

       33.    Set forth in <u>Exhibit H</u> is a list of No Liability Litigation Claims that Kmart has determined have no merit and for which Kmart believes it has no liability. By this objection, Kmart seeks to expunge the No Liability Litigation Claims listed in <u>Exhibit H</u>. Therefore, Kmart objects to the No Liability Litigation Claims listed in <u>Exhibit H</u> and seeks entry of an order disallowing and expunging such Claims in their entirety.

<u>SEPARATE CONTESTED MATTERS</u>

       34.    To the extent that a response is filed with respect to any Claim listed in this Twenty-First Omnibus Objection and Kmart is unable to resolve the response prior to the hearing on this Twenty-First Omnibus Objection, each such Claim and the objection to such Claim asserted in this Twenty-First Omnibus Objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Any order entered by the Court with respect to an objection

asserted in this Twenty-First Omnibus Objection shall be deemed a separate order with respect to each Claim.

RESERVATION OF RIGHTS

35.    Kmart expressly reserves the right to amend, modify or supplement this Twenty-First Omnibus Objection and to file additional objections to the Proofs of Claim or any other Claims (filed or not) which may be asserted against Kmart. Should one or more of the grounds of objection stated in this Twenty-First Omnibus Objection be dismissed, Kmart reserves its rights to object on other stated grounds or on any other grounds that Kmart discovers during the pendency of these cases. In addition, Kmart reserves the right to seek further reduction of any Claim to the extent that such Claim has been paid.

36.    Pursuant to the Bar Date Orders, any claim filed after the applicable Bar Date is automatically denied subject to this Court's discretion to allow the late filing of such Claim. The failure of Kmart to state an objection to any late filed Claim that has not been allowed to be late filed by order of this Court does not constitute Kmart's agreement with such Claim or waiver of such objection. If any such Claim is permitted to be late filed by order of this Court after the date hereof, Kmart will ask the Court to include in such order a reasonable time period within which Kmart may object to such claim.

37.    Certain claimants have amended their claims after the relevant Bar Date had passed. Not all such amendments have been fully evaluated. Although Kmart has tried to object to all of the timely filed claims on file with the Claims Agent, Kmart reserves the right to amend its objection to any claim to the extent amended on or after

January 13, 2004.

38.    Kmart expressly reserves all rights set forth in the Administrative

Personal Injury Procedures Order and the Administrative Personal Injury Procedures. As

set forth in the Administrative Personal Injury Procedures Order, Kmart has objected to

all postpetition personal injury claims alleged to have been incurred between January 22,

2002, and May 6, 2003 (the "Administrative Personal Injury Claims"). *See*

Administrative Personal Injury Procedures Order ¶ 1. Because the Administrative

Personal Injury Claims can only be liquidated through the Administrative Personal Injury

Procedures (which, as described in paragraphs 12 and 13 above, have not yet been

completed) or in state court, all Administrative Personal Injury Claims that have not been

settled are currently unliquidated and, therefore, the dollar value of these Claims cannot

be determined at this time. Furthermore, as provided in the Administrative Personal

Injury Procedures, if a holder of an Administrative Personal Injury Claim fails to timely

file an Administrative Questionnaire, Kmart expressly reserves its rights to seek authority

from the Bankruptcy Court to have such Administrative Personal Injury Claims be

deemed forever barred or disallowed. *See* Administrative Personal Injury Procedures §

4.A.

RESPONSES TO OBJECTIONS

A.    Filing and Service of Responses

39.    To contest an objection, a claimant must file a written response to

this Twenty-First Omnibus Objection (a "Response") with the United States Bankruptcy

Court for the Northern District of Illinois (the "Bankruptcy Court"), 219 South Dearborn

Street, Chicago, Illinois 60604 and served so as to be received by 4:00 p.m. prevailing

Central Time on March 8, 2004 (the "Objection Deadline") by: (a) Kmart Management

Corporation, 3100 West Big Beaver Road, Troy, MI 48084 (Attn: Kmart Public

Liability); (b) counsel for Kmart, Wilmer Cutler Pickering LLP, 399 Park Avenue, New

York, New York 10022 (Attn: Jorian Rose, Esq.) and Wilmer Cutler Pickering LLP, 2445

M Street, N.W., Washington, D.C. 20037 (Attn: David K. Bowsher, Esq.); (c) counsel for

the Post-Effective Date Committee, Otterbourg, Steindler, Houston & Rosen, P.C., 230

Park Avenue, New York, New York 10169 (Attn: Glenn B. Rice, Esq.) and Winston &

Strawn, 35 West Wacker Drive, Chicago, Illinois 60601 (Attn: Matthew Botica, Esq.);

and (d) the Office of the United States Trustee, 227 West Monroe, Suite 3350, Chicago,

Illinois 60606 (Attn: Kathryn M. Gleason, Esq.).

B.     Contents Of Responses

40.     Every Response to this Twenty-First Omnibus Objection must

contain at a minimum the following:

(a)     a caption setting forth the name of the Court, the names of the Debtors, the case number and the title of the Twenty-First Omnibus Objection to which the Response is directed;

(b)     the name of the claimant and description of the basis for the amount of the Claim;

(c)     a concise statement setting forth the reasons why the Claim should not be disallowed or modified for the reasons set forth in the Twenty-First Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Twenty-First Omnibus Objection;

(d)     all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the Twenty-First Omnibus Objection;

(e)     the address(es) to which Kmart must return any reply to the Response, if different from that presented in the Claim; and

(f)     the name, address, and telephone number of the person (which may

be the claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant.

C.    Timely Response Required

41.    If a Response is properly and timely filed and served in accordance with the above procedures, and Kmart is unable to reach a consensual resolution with the claimant, Kmart may request the Court to conduct a hearing with respect to the Twenty-First Omnibus Objection and the Response.

42.    Only those Responses made in writing and timely filed and received will be considered by the Bankruptcy Court at any such hearing. Kmart reserves the right to adjourn a hearing with respect to a specific objection set forth herein and any Response thereto.

43.    If a claimant whose Claim is subject to this Twenty-First Omnibus Objection and who is served with the Twenty-First Omnibus Objection fails to file and serve a timely Response in compliance with the foregoing procedures, Kmart will present to the Bankruptcy Court an appropriate order with respect to the Claim without further notice to the claimant.

D.    Service Address

44.    If a Response contains an address for the claimant different from that stated on the Proof of Claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until Kmart receives written notice from the claimant or the claimant's counsel of a changed service address.

REPLIES TO RESPONSES

45.    Kmart may, at its option, file and serve a reply to a claimant's

Response so that it is received by the claimant (or counsel, if represented) no later than three (3) days prior to any hearing on the Twenty-First Omnibus Objection.

## FURTHER INFORMATION

46.    Questions about the Twenty-First Omnibus Objection or requests for additional information about the proposed disposition of Claims thereunder should be directed to Kmart's official claim reconciliation hotline and/or email address: 1-800-247-0200 or claimsreconciliation@kmart.com.  Inquiries regarding obtaining copies of Claims or the filing of a Claim, should be directed to Trumbull Services, LLC at (877) 876-2705 between 10:00 a.m. and 4:00 p.m., Eastern time.  Claimants can also search for images of their Proof of Claim form at www.trumbullbankruptcy.com.  Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their claims.

## NOTICE

47.    Kmart will serve copies of this Twenty-First Omnibus Objection by first class, United States mail, postage prepaid, upon each of the claimants identified in Exhibits A through H at the addresses listed in the Proofs of Claim or Schedules.  Copies of this Twenty-First Omnibus Objection also shall be served upon the United States Trustee and all persons on the Master Service List in the cases.

48.    No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Kmart respectfully requests that the Court enter an order substantially in the form of the Proposed Order submitted herewith and grant such other and further relief as is just and proper.

| Dated: New York, New York February 2, 2004 | Respectfully submitted, KMART |

CORPORATION, et al., By:___ Andrew Goldman Eric R. Markus Wilmer Cutler Pickering LLP 399 Park Avenue New York, NY 10022 212-230-8800  Attorneys for Kmart Corporation, et al.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

In re: KMART CORPORATION, et al., Reorganized Debtors.   ) ) ) ) ) )       Case No. 02-02474 (Jointly Administered) Chapter 11 Hon. Susan Pierson Sonderby

### ORDER DISALLOWING AND EXPUNGING OR OTHERWISE REDUCING OR RECLASSIFYING CERTAIN CLAIMS SET FORTH IN THE TWENTY-FIRST OMNIBUS OBJECTION (CERTAIN PERSONAL INJURY AND OTHER CLAIMS)

Upon the objection (the "Objection") under 11 U.S.C. §§ 102, 105, and 502 and Fed. R. Bankr. P. 3007 dated February 2, 2004 (the "Motion"), by Kmart Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, "Kmart"); it appearing to the Court that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of Kmart, their estates and their creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, it is hereby

ORDERED that the relief should be granted as set forth below,

1.      Pursuant to 11 U.S.C. §§ 102, 105, and 502 and Fed. R. Bankr. P. 3007,

except as otherwise provided herein, each claim listed on Exhibits A and B in the row

beginning "Claim to Be Disallowed" is disallowed and expunged in its entirety.

      2.      Pursuant to 11 U.S.C. §§ 102, 105, and 502 and Fed. R. Bankr. P. 3007,

except as otherwise provided herein, each Claim listed on Exhibits C, D, E, G, and H is

disallowed and expunged in its entirety.

      3.      Pursuant to 11 U.S.C. §§ 102, 105, and 502 and Fed. R. Bankr. P. 3007,

except as otherwise provided herein, each claim listed on Exhibit F in the row beginning

"Claim to Be Reclassified" is reclassified and/or reduced or set, as appropriate, in

accordance with the corresponding row titled "Reclassified To."

      4.      With respect to each claim listed on Exhibits A, B, C, D, E, F, G, and H as

"Continued," consideration of the Motion with respect to such claim shall be continued

until April 27, 2004.

      5.      This Order is without prejudice to Kmart's right to object to any other

claims in these Chapter 11 cases or to further object to claims objected to herein.

      6.      This Court shall retain jurisdiction over Kmart and the Claimants whose

Claims are subject to the Objection with respect to any matters related to or arising from

implementation of this Order.

Dated:      Chicago, Illinois
            _____ ____, 2004


                _____
                Honorable Susan Pierson Sonderby
                CHIEF UNITED STATES BANKRUPTCY
JUDGE

**21st Omnibus**

## Exhibit - F
## Proposed Settlement - Public Liability

In re: Kmart, Inc., et al.

Case Nos. 02-02462 through 02-02499

| | Claim # | Name and Address of Claimant | Filed | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|
| Claim To Be Reclassified | 26181 | LOPEZ, IRIS 307 MONTGOMERY ST. BLOOMFIELD, NJ 07003 | Filed | $0.00 | $0.00 | $0.00 | $50,000.00 | $50,000.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $3,000.00 | $3,000.00 |
| Claim To Be Reclassified | 34349 | LOPEZ, JILL 15400 BELGRADE ST. #63 WESTMINSTER, CA 92683 | Filed | $0.00 | $0.00 | $0.00 | $1,646,000.00 | $1,646,000.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Claim To Be Reclassified | 16996 | LOPEZ, KERRI RICHARD A. MAYHAN 12999 MURPHY RD., PAC-3 STAFFORD, TX 77477 | Filed | $0.00 | $0.00 | $0.00 | $100,000.00 | $100,000.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 |
| Claim To Be Reclassified | 16524 | LOPEZ, MARY ANDREW M. KUSINRIK, 113 365 WHITE HORSE AT KITNER AVENUE HAMILTON, NJ 08610 | Filed | $0.00 | $0.00 | $150,000.00 | $0.00 | $150,000.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $20,000.00 | $20,000.00 |
| Claim To Be Reclassified | 683 | LOPEZ, RUBEN GREGORY P SEGAL, ESQ. 315 S. BEVERLY DRIVE, STE. 307 BEVERLY HILLS, CA 90212 | Filed | $0.00 | $0.00 | $0.00 | $1,800,000.00 | $1,800,000.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $84,000.00 | $84,000.00 |
| Claim To Be Reclassified | 30690 | LORIE-VELASCO, JOSE M. P.O. BOX 16606 SAN JUAN, PR 00908 | Filed | $0.00 | $0.00 | $0.00 | $12,000,000.00 | $12,000,000.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $40,000.00 | $40,000.00 |
| Claim To Be Reclassified | 18203 | LOPEZ-MARISSA (NMR) 5805 KINCAID ROSWELL, NM 88203 | Filed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $500.00 | $500.00 |
| Claim To Be Reclassified | 16592 | LORTO, ANTHONY 180 TITUS AVE. STATEN ISLAND, NY 10306 | Filed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $3,000.00 | $3,000.00 |
| Claim To Be Reclassified | 35991 | LOUD, SHARON 8404 SOUTH COURSE STREET #1106 HOUSTON, TX 77072 | Filed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Claim To Be Reclassified | 44938 | LOUISANNA, PIERRE DAVID M. BENFIELD, ESQ. 5590 WEST OAKLAND PARK BLVD. SUITE 310 LAUDERHILL, FL 33313 | Filed | $0.00 | $0.00 | $0.00 | $5,500.00 | $5,500.00 |
| Reclassified To | | | | $0.00 | $0.00 | $0.00 | $5,000.00 | $5,000.00 |