```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO

JOSE M. LORIE VELASCO, et al   *
                               *
      Plaintiffs               *
                               *
      vs.                      *          CIVIL NO. 98-1867 (PG)
                               *
                               *
K-MART CORPORATION             *
                               *
      Defendant                *
*****************************
```

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS DUE TO BANKRUPCY COURT'S ORDER

**TO THE HONORABLE COURT:**

**NOW INTO THIS COURT,** by and through the undersigned counsel, come Plaintiffs to respectfully oppose Defendant K-mart's "Motion to Dismiss with Prejudice Due to Bankruptcy Court's Final Order on the Claim" (docket number 200). In support of this opposition, Plaintiffs show the following:

K-Mart's contends in its motion that the amended complaint should be dismissed because Plaintiffs failed to object or otherwise respond to its February 2, 2004, 21st Omnibus Objection, wherein Defendant sought the entry of an Order reclassifying Plaintiffs' instant claim from $12,000,000 to $40,000;[1] and, on April 2, 2004, the Bankruptcy Court entered an Order granting such unopposed request for reclassification of Plaintiffs' claim.

On May 14, 2004, Plaintiff José M. Lorié Velasco, *pro se*, presented a motion pursuant to Federal Rule of Bankruptcy Procedure

---

[1] Defendant requested therein the disallowance, reclassification or expunging of multiple pending personal injury claims.

3008, for reconsideration of the April 2, 2004 Order, on the basis of the following grounds:

First, the Bankruptcy Court's April 2, 2004 Order against Plaintiff Lorié Velasco is null and void, for lack of adequate notice, in violation of the Due Process clause of the United States Constitution. *See, Exhibit "A."*

Second, on January 7, 2004, in the Bankruptcy Proceedings, the debtor K-mart and the creditor Plaintiff Lorié Velasco duly executed a judicial and binding written agreement, whereby the parties agreed to partially lift the automatic stay and the plan injunction to permit the litigation in the present case to proceed and continue to a final judgment or settlement. This agreement was approved and entered into by the Bankruptcy Court, on January 14, 2004. *See, Id.*

**WHEREFORE,** Plaintiffs respectfully request that Defendant K-mart's motion to dismiss be denied and, consequently, that proceedings in this case continue to a final judgment or settlement, as agreed by the parties, on January 7, 2004, and ordered by the Bankruptcy Court, on January 14, 2004.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, on May 17, 2004.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendant Marta E. Vila Baez, Esq., and Gerardo De Jesus Annoni, Esq.; third-party defendant Vicente Santory Coll, Esq.

S/   <u>José F. Quetglas Jordán</u>

USDC-PR #203411
**QUETGLAS LAW OFFICES**
PO Box 16606
San Juan PR 00908-6606
Tel:(787)722-0635/(787)722-7745
Fax: (787)725-3970
Email: quetglaslaw@hotmail.com