IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE M. LORIE VELASCO, et al,<br>     Plaintiffs,<br><br>vs.<br><br>KMART CORPORATION, et al,<br>     Defendants,<br><br>vs.<br><br>GROUP SERVICE SYSTEM,<br>COOPERATIVA DE SEGUROS<br>MULTIPLES DE PUERTO RICO<br>GROUP SERVICE SYSTEM,<br>     Third Party Defendants. | CIVIL  NO.: 1998-1867 (PG) |

**DEFENDANT'S REPLY TO *PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS DUE TO BANKRUPTCY COURT'S ORDER* AND SECOND REQUEST THAT TRIAL DATE BE VACATED**

TO THE HONORABLE COURT:

COMES NOW Defendant and Third Party Plaintiff Kmart Corporation ("Kmart"), represented by the undersigned attorneys, and respectfully alleges and prays as follows:

1.    On this same date, plaintiffs have filed an opposition to Kmart's motion to dismiss with prejudice due to the Bankruptcy Court's April 2, 2004 final order reclassifying the claim.  In essence, plaintiffs contend that the Bankruptcy Court's Order is allegedly null and void purportedly for lack of adequate notice in violation of the due process clause of the United States Constitution.  In addition, plaintiffs argue that the Bankruptcy Court's Order is contrary to the partial lift of the stay of the proceedings pursuant to the Agreed Order entered on January 14, 2004.  See Docket No. 205.

2. Plaintiffs' arguments are based upon a motion for reconsideration filed before the Bankruptcy Court on May 14, 2004 by co-plaintiff Mr. José M. Lorié-Velasco in an attempt to set aside the final order by which the instant claim was reclassified. See Exhibit A of plaintiffs' opposition. As evidenced by co-plaintiff's own motion to reconsider the order reclassifying the instant claim, his arguments will be entertained by the Bankruptcy Court during a hearing set for June 8, 2004.

3. Moreover, co-plaintiff's lack of adequate notice allegations are preposterous in light of the undisputed record in the Bankruptcy Court. Plaintiffs request that the Bankruptcy Court reconsider its April 2, 2004 Order because it was served at PO Box 16606, San Juan, P.R. 09008, an address which Mr. Lorié-Velasco now claims is not his address of record in the Bankruptcy Court. However, the record before the Bankruptcy Court clearly shows otherwise. The proof of claim for Lorié-Velasco was filed on July 23, 2002 by José F. Quetglas Jordan. The name of the creditor and his address is identified as follows in such proof of claim:

> Jose M. Lorié-Velasco
> C/O Jose Quetglas Jordan, Esq.
> PO Box 16606
> San Juan, PR 00908-6606

A copy of the proof of claim is attached hereto. See Exhibit 1.

4. As stated in Kmart's motion to dismiss, the Twenty-First Omnibus Objection to Claims in the Bankruptcy Court, was served by first class, United States mail, postage prepaid, upon each of the claimants identified in Exhibits "A" through "H" at **the addresses listed in the proofs of claim** or schedules. See Exhibit 1, of *Defendant's Motion to Dismiss with Prejudice due to Bankruptcy Court's Final Order on the Claim*, Docket No. 200, Kmart's

Twenty-First Omnibus Objection, at ¶ 47.  As to Lorié-Velasco's claim, a copy of the omnibus objection was served to him and his attorney at the address listed in the proof of claim, that is: **Jose M. Lorié Velasco, C/O José F. Quetglas Jordan, PO Box 16606, San Juan, PR, 00908**.  Mr. Quetglas not only filed plaintiff's proof of claim as his attorney in the bankruptcy proceedings but is also plaintiff's attorney in the case at bar.   Therefore, it is evident that Kmart complied with providing adequate notice of the relief to be sought.  As to the Bankruptcy Court's April 2, 2004 Order, it was also served at the address listed in Lorié-Velasco's proof of claim.  In such circumstances, there is no valid claim of lack of notice in purported violation of the due process clause of the United States Constitution.

5.      In the motion to reconsider before the Bankruptcy Court, Lorié-Velasco further contends that the April 2, 2004 Order is somewhat contrary to an Agreed Order of January 14, 2004 by which the stay was partially lifted in the case at bar.  There is no contradiction between the orders. As stated in Kmart's motion to dismiss,  Lorié-Velasco petitioned for and was given permission from the Bankruptcy Court to proceed with this litigation, pursuant to a partial lift of stay.  <u>See</u> Docket No.179. However, the Bankruptcy Court retained jurisdiction over the matter, over the agreed order to partially lift the  automatic stay,  and over the ultimate disposition thereof.  <u>Id.</u>

6.      Finally, plaintiffs request that the proceedings in the instant case continue to a final judgment or settlement.  It is evident that the grounds for plaintiffs opposition are matters that, in any event, should only be ruled upon by the Bankruptcy Court.  It is Kmart's position that the claim has been resolved in a final and binding order entered on April 2, 2004 by the Bankruptcy Court and that plaintiffs are consequently precluded from

proceeding in the instant case. In the alternative, it is respectfully requested that the trial date scheduled in this case be continued until the Bankruptcy Court rules on plaintiffs meritless motion to reconsider.

WHEREFORE, it is respectfully requested from this Honorable Court that it denies plaintiffs opposition to Kmart's motion to dismiss due to the Bankruptcy Court's final order on the claim, and consequently dismisses the case with prejudice, thereby vacating the setting of a jury trial for May 24, 2004. In the alternative, it is respectfully requested that such trial date is continued until the Bankruptcy Court rules on the motion to reconsider filed on May 14, 2004 which is scheduled to be heard on June 8, 2004 as per co-plaintiff's own motion.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of May 2004.

IT IS HEREBY CERTIFIED that on May 17, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **José Quetglas Jordán, Esq.**, Quetglas Law Office, P.O. Box 16606, San Juan, Puerto Rico, 00907-6606, and to **Vicente Santori Coll, Esq.**, PO Box 363073, San Juan, Puerto Rico 00936.

s/Marta E.Vila Baez
MARTA E. VILA BAEZ
USDC NO. 218111

s/Gerardo De Jesus Annoni
GERARDO DE JESUS ANNONI
USDC NO. 212209

Attorneys for Defendant Kmart Corporation
SÁNCHEZ BETANCES & SIFRE, P.S.C.
P.O. BOX 195055
SAN JUAN, PUERTO RICO, 00919-5055
Phone: (787) 756-7880
Fax No. (787) 753-6580
mvila@sbslaw.com

H:\550.000\550-298\MOTIONS\014REPLY.wpd