IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ M. LORIÉ VELASCO, ET AL.<br><br>  Plaintiffs<br><br>V.<br><br>K-MART CORPORATION<br><br>  Defendants | CIVIL NO.  98-1867 (PG) |

**URGENT MOTION REQUESTING LEAVE TO ASSUME THE REPRESENTATION
OF CERTAIN OF THE PLAINTIFFS AND TO OTHER EFFECTS**

Come now plaintiffs Heidi R. Beríos Saavedra, Heidi M. Lorié Berríos, Gianine S. Lorié Berríos and Rolando Santiago Berríos ("*Berriós Plaintiffs*"), and state as follows:

1.  On information and belief, the instant case is a torts case where the jurisdiction of this Court was invoked on diversity jurisdiction, comprising, besides the *Berriós Plaintiffs*, Mr. José M. Lorié Velasco, who was the subject of the accident which gave rise to the litigation in question.

2.  In time, the parties reached an agreement, whose payment would take place on May 6, 2006. The settlement was filed under seal.

3.  Without entering into the intricacies of the sealed agreement, it is known, however, that the agreement contemplates the distribution of the judgment monies, in pre-arranged proportions, among Lorie, each of the Berríos Plaintiffs and the marital legal partnership composed between Lorie and Heidi R. Berríos Saavedra, who, by the time of the settlement, was José M. Lorié's wife.

4.  Since the time of the settlement agreement, Lorié and Heidi R. Berríos Saavedra

divorced in what can be described as a rather nasty case. Except for the right to the parens patrie of plaintiffs Heidi M. Lorie Berríos and Giannine S. Lorie Berríos,[1] all other aspects of the case were resolved by agreement of the parties, accepted by them in front of the presiding judge, and subsequently memorialized in a court resolution which is now final firm and unappealable. The undersigned represented Ms. Heidi Berríos Saavedra in the last stages of that case, and still represent her with respect to the lingering issues.

5. During their almost eighteen sixteen (18) years of marriage, Ms. Heidi M. Lorie Berríos, at the instance of Mr. Lorie, devoted herself entirely to raising her kids, something which caused her license as a physical therapist to lapse, which was her only job before marrying Mr. Lorié. Although she has recently renewed her licence and is currently working, her gross salary is just about $1,500.00 a month, a fraction of the mortgage payment for the realty which used to be the marital resident, an was assigned to her during the proceedings held to terminate the marital legal partnership. Based on simple mathematics, Ms. Berrios Saavedra (now her single name) has no other choice but to rent or sell the property assigned to her, lest the pertaining bank execute the mortgage thereon.

6. Because of reasons which have been made public in the press during recent times, Mr. Lorie, who is currently a suspended Puerto Rico Superior Court Judge, is without work and the prospect in that respect looks ominous. As a result thereof, the state court had no other alternative but to assigned him a meager $200.00 monthly alimony to Ms. Berrios Saavedra to

---

[1] The other Berríos Plaintiff, Rolando Santiago Berríos is a son Ms. Heidi Berríos Saavedra's previous marriage, who is of legal age and lives by his own. Although part of that distribution included a statement to the effect that the shares contemplated by the seal agreement in this case will be respected by the parties, nothing was specifically said about the share assigned to the then marital partnership. In the absence of other circumstances, however, it should be obvious that the same should be divided on equal parts between the members of the now defunct partnership.

feed and defray the other living expenses of her two minor daughters. This alimony was supposed to start on April 2006, but no payment has been received yet.

7. From information provided by our client, Heidi Berrios Saavedra, after May 6, 2006, she went to see Attorney José F. Quetglas, who represented all the plaintiffs in this case, to see when the Berríos Plaintiffs would ger their share of the settlement.

8. On information and belief, Attorney Quetglas informed Ms. Berríos that, although he had received the corresponding check from the defendant, and could made himself the distribution contemplated in the settlement agreement, Mr. Lorié has raised objections to the settlement shares, which left Attorney Quetglas with no option than consigning the funds with this Court, as he did on May 26, 2006 according to this case's docket entries.

9. Although it does not show from the case docket entries, in light of the latest events, and as confirmed to the undersigned by Attorney Quetglas during a recent conversation with him, under the circumstances, he will have to resign to the representation of all the plaintiffs in this case in order to avoid a conflict of interests. Assuming the correctness of this, the undersigned is assuming the representation of the Berríos Plaintiffs.

10. Due to the aggravated financial situation through which Ms Berrios Saavedra is going, she is seriously considering accepting a work offered to her in the United States. In order to do so, however, the disbursement of the monies inuring to her pursuant to the settlement agreement is of utmost importance in order for Ms. Berríos Saavedra to leave her things settled in Puerto Rico and to finance her move to the states. In this respect, time is of the essence, for Ms. Berríos would have to find a school in the states for her daughter Gianine Berríos for the

semester that starts next September.[2]

WHEREFORE, assuming that Attorney Quetglas will withdraw his representation of plaintiffs in this case, the Berrios Plaintiffs pray to this Honorable Court to: (1) allow the undersigned to assume the representation of the Berrios Plaintiffs; (2) provide plaintiff Lorié ten (10) days at most to find new representation; and (3) to order the disbursement of funds contemplated by the settlement agreement in this case as soon as possible.

---

[2] The other daughter is entering college this coming semester and will be attending college outside Puerto Rico, most likely in the State Florida.

Respectfully submitted in San Juan, Puerto Rico this May 29, 2006.

    S/Pablo Landrau Pirazzi
    U.S.D.C.P.R. No. 203113
    Attorney for the Berrios Plaintiffs
    Aldarondo & López Bras, P.S.C.
    ALB Building
    16 P.R. Road 199 - Suite 400
    Guaynabo, Puerto Rico 00969
    Tel. No. (787) 474-5447
    Fax. No. (787) 474-5451
    E-mail: plandrau@alblegal.net

## CERTIFICATE OF SERVICE

I do hereby certify that, on May 29, 2006, I electronically filed the foregoing document with the Clerk of the Court through the CM/ECF system, which will send notification to the attorneys of record. Notice has also been mailed to Attorney José M. Lorié, at her last know address, 3298B Clemson Street, Urb. University Gardens, Río Piedras, Puerto Rico 00918.

    S/Pablo Landrau Pirazzi
    U.S.D.C.P.R. No. 203113
    Attorney for the Berrios Plaintiffs
    Aldarondo & López Bras, P.S.C.
    ALB Building
    16 P.R. Road 199 - Suite 400
    Guaynabo, Puerto Rico 00969
    Tel. No. (787) 474-5447
    Fax. No. (787) 474-5451
    E-mail: plandrau@alblegal.net